**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GARRICK COX MD LLC,** <br> Plaintiff, <br> v. <br> **UNITED HEALTHCARE,** <br> Defendant. | Civil Action No. 17-7619 (ES) (JAD) |
| **GARRICK COX MD LLC,** <br> Plaintiff, <br> v. <br> **UNITED HEALTHCARE,** <br> Defendant. | Civil Action No. 17-8186 (ES) (JAD) <br><br> **REPORT AND RECOMMENDATION** |

**JOSEPH A. DICKSON, U.S.M.J.**

  This matter comes before the Court upon Plaintiff's motions to remand these matters[1] to the Superior Court of New Jersey, Passaic County, pursuant to 28 U.S.C. § 1447(c). (ECF No. 5 in the 7619 Matter; ECF No. 4 in the 8186 Matter). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motions to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's applications. Upon consideration of the parties' submissions, and for the reasons stated below, it is the

---

[1] When necessary to differentiate between these cases, the Court will refer to Civil Action No. 17-7619 as the "7619 Matter" and Civil Action No. 17-8186 as the "8186 Matter."

recommendation of this Court that Plaintiff's motions be **GRANTED**, and that the District Court remand these cases to the Superior Court of New Jersey.

## I.     RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Garrick Cox MD LLC "is a provider of medical services duly licensed and existing under the laws of the State of New Jersey." (Compl., First Count, ¶ 1, ECF No. 1-1 in both the 7619 Matter and the 8186 Matter ). Plaintiff alleges that Defendant United Healthcare[2] ("United") "authorized Plaintiff to perform surgery on [certain patients], for which it promised to pay Plaintiff for medical services." (Id. ¶ 3). Plaintiff further alleges that it performed those surgeries based upon United's promise to pay, and that United "paid some amount but not the correct amount." (Id. ¶¶ 4-6). Plaintiff now seeks to recover $301,727.97 in the 7619 Matter and $613,847.09 in the 8186 Matter, which it contends are "[t]he reasonable customary and usual value[s] of Plaintiff's unpaid medical services owing from United" under the facts at issue in those cases. (Id. at Second Count, ¶ 2).

Plaintiff commenced the 7619 Matter by filing a Complaint in the Superior Court of New Jersey, Passaic County vicinage, on or about August 21, 2017. (See generally Compl., ECF No. 1-1 in the 7619 Matter). United represents that it received Plaintiff's Complaint at some point after August 29, 2017. (Notice of Removal ¶ 2, ECF No. 1 in the 7619 Matter). On September 28, 2017, United removed the case to the United States District Court for the District of New Jersey, contending that, because Plaintiff "seeks payment of benefits under an employee welfare benefit plan governed by [the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

---

[2] In both cases, Defendant contends that the real party in interest is UnitedHealthcare Insurance Company, improperly named as "United Healthcare", and "reserves its right to challenge the sufficiency of Plaintiff's service of the Summons and Complaint." (See Notice of Removal at 1, n.1, ECF No. 1 in both the 7619 Matter and the 8186 Matter). The Court makes no findings regarding the sufficiency of Plaintiff's pleadings or its efforts to serve Defendant.

2

U.S.C. § 1001, et seq.], (id. ¶ 6), Plaintiff's claims are therefore preempted by Section 502(a) of ERISA and removable to federal court. (Id. ¶¶ 6-9). On October 10, 2017, Plaintiff filed a motion to remand the 7619 Matter to the Superior Court of New Jersey. (ECF No. 5).

Plaintiff filed the 8186 Matter in the Superior Court of New Jersey, Passaic County vicinage, on or about September 5, 2017. (See generally Compl., ECF No. 1-1 in the 8186 Matter). Just two days after Plaintiff filed its motion to remand in the 7619 Matter, United removed the 8186 Matter to the United States District Court on ERISA preemption grounds. (See generally Notice of Removal, ECF No. 1 in the 8186 Matter). Plaintiff filed a motion to remand the 8186 Matter to state court on October 24, 2017. (ECF No. 4 in 8186 Matter). By letter dated November 1, 2017, United requested that the District Court resolve Plaintiff's motions to remand in both cases simultaneously, as "the Complaints raise identical issues of law and nearly identical issues of fact." (ECF No. 8 in 7619 Matter). This Court granted that request by Letter Order dated November 2, 2017. (ECF No. 9 in the 7619 Matter). Plaintiff's motions are now fully briefed. (ECF Nos. 5-7 in the 7619 Matter; ECF Nos. 4, 8-9 in the 8186 Matter).

## II. LEGAL DISCUSSION

Section 1441(a) of Title 28 allows removal of a civil action from state court to federal court if the federal court would have original subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal district court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). This is known as "diversity jurisdiction." An action can be removed on the basis of diversity jurisdiction only "if there is complete diversity between all named plaintiffs and defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). This "complete diversity" requirement prohibits removal if a plaintiff and any defendant are citizens of the same state. Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009). An action may also be removed if it includes a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(a). This is commonly known as "federal question jurisdiction." A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-8 (1983). In certain cases, federal question jurisdiction will lie over state law claims that implicate significant federal issues or "turn on substantial questions of federal law." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Federal question jurisdiction exists over state law claims when "the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 308.

4

As the United States Court of Appeals for the Third Circuit has acknowledged, "[o]rdinarily, a case is not removable to federal court simply because, as here, the defendant raises federal preemption as a defense. Rather, removal on the basis of federal question jurisdiction . . . generally requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint." Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995) (internal citations omitted). "This well-pleaded complaint rule 'makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" Id. (quoting Caterpillar Inc., 482 U.S. at 392). The Third Circuit has also found, however, that even "where federal jurisdiction is not presented on the face of the plaintiff's complaint, the action may be removed if it falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004) (citing Aetna Health, Inc. v. Davila, 542 U.S. 200, 159 L. Ed 2d 312, 326, 124 S. Ct. 2488, 2495 (2004); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987)). "As a 'corollary of the well-pleaded complaint rule,' complete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Id. (quoting Taylor, 481 U.S. at 63-64).

"ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, and permits removal." N.J. Carpenters v. Tishman Constr. Corp., 760 F.3d 297, 303 (3d Cir. 2014) (quoting Davila, 542 U.S. at 209). The Third Circuit has "held that a claim is completely preempted, and thus removable, under ERISA § 502(a) only if: (1) the plaintiff could have brought the claim under § 502(a); and

(2) no other independent legal duty supports the plaintiff's claim." Id. (citing Pascack, 388 F.3d at 400). Moreover, "[b]ecause this test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied." Id. (citation omitted). The Court notes that, as the removing party, United bears the burden of establishing that federal jurisdiction is appropriate. Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) ("'The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court.'") (internal citations omitted). The Court finds that United has not established that Plaintiff's claims in these cases satisfy either prong of the Pascack complete preemption test.

First, United has not shown that Plaintiff could have brought its claims, as pled, under Section 502(a). Section 502(a) provides that "[a] civil action may be brought" by persons who fall into one of eleven specific categories. 29 U.S.C. § 1132(a)(1)-(11). Many of those categories are clearly inapplicable here, as they describe potential actions by states, employers, employee representatives, or the Secretary of Labor. See, e.g., 29 U.S.C. § 1132(a)(5), (7), (8), (10), (11). While several subsections allow "participants" or "beneficiaries" to maintain civil actions, id. at § 1132(a)(1) - (4), and a healthcare provider may arguably seek recovery under one of those subsections in certain instances (e.g., where a participant in an ERISA plan lawfully assigns his or her rights to plan benefits to the provider), they are similarly inapplicable here. Nothing in the Complaints in these matters suggests that Plaintiff stands in the shoes of any ERISA plan "participant" or "beneficiary."[3] Rather, Plaintiff alleges that it and United entered into separate

---

[3] In the 7619 Matter, United acknowledges that "Plaintiff's Complaint is silent as to whether it has obtained a valid assignment." (United Br. in 7619 Matter at 12, ECF No. 6). In the 8186 Matter, United does not directly address the assignment issue, but instead argues in conclusory fashion that "Plaintiff's Complaint can only be read as a claim for benefits under ERISA § 502(a)(1)(B)." (United Br. in 8186 Matter at 9, ECF No. 8).

6

arrangements, independent of any ERISA plan, under which United allegedly agreed to pay Plaintiff to perform specific procedures. (See generally, Compl., ECF No. 1-1 in both the 7619 Matter and 8186 Matter). None of Section 502(a)'s eleven subparts apply to such disputes. United's arguments to the contrary focus on its central contentions that: (1) the factual situation underlying Plaintiff's claims only makes sense where United is required to provide coverage under the terms of a benefit plan, (e.g., the fact that United is involved in the transaction at all, the argument that the prior authorization process is used throughout the insurance industry, etc.); and (2) as Plaintiff has failed to plead a valid common law contractual / quasi -contractual claim, Plaintiff must, therefore, necessarily be seeking relief under ERISA. (See United Br. in 7619 Matter at 9-12, ECF No. 6; United Br. in 8186 Matter at 6-9, ECF No. 8). United's arguments, however, would essentially require the Court to rewrite Plaintiff's pleadings based on a series of external facts, (e.g., Plaintiff's patients' membership in health benefit plans governed by ERISA, Plaintiff's standing to seek benefits or bring suit on behalf of those patients, etc.), in order to justify subject matter jurisdiction.[4] United has not cited any authority suggesting that it might be appropriate for the Court to do so.

Second, it appears that Plaintiff's claims, as plead, are supported by legal duties independent of ERISA. The Third Circuit has observed that "a legal duty is 'independent' if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.' N.J. Carpenters, 760 F.3d at 303 (quoting Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 950 (9th Cir. 2009)). "In other words, if the state law claim is not 'derived from, or conditioned upon' the terms of an ERISA plan, and '[n]obody needs to interpret

---

[4] Indeed, in its briefing in the 7619 Matter, United explicitly argues that the Court must read such facts into Plaintiff's Complaint to avoid an "absurd" result. (Def. Br. in the 7619 Matter at 17-18, ECF No. 6).

the plan to determine whether that duty exists,' then the duty is independent." Id. (quoting Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 614 (6th Cir. 2013)). Here, Plaintiff alleges that "United authorized Plaintiff to perform [procedures on certain patients], for which it promised to pay Plaintiff" and that Plaintiff "relied on United's representation and performed the surgery." (Compl. ¶¶ 3-4, ECF No. 1-1 in both the 7619 Matter and 8186 Matter). Plaintiff further alleges that United "paid some amount but not the correct amount" for Plaintiff's services. (Id. ¶ 6). Plaintiff has therefore alleged that it entered into separate contracts/quasi-contracts with United, independent of any health care plans, and that United breached those agreements. Plaintiff's contract claims would exist regardless of whether any ERISA plan also existed, and it does not appear that Plaintiff's claims, as pled, will require interpretation of any ERISA plan. Plaintiff's claims are therefore supported by legal duties independent of ERISA pursuant to the guidelines set forth by the United States Court of Appeals for the Third Circuit.[5]

The Court acknowledges that United has cited decisions in Elite Orthopedic Sports Med. PA v. N.J. Teamsters Ben. Plan, Civil Action No. 14-6932 (ES), and Active Foot & Ankle Care LLC v. Aetna, Civil Action No. 14-6770 (KM), in support of its preemption argument. (Def. Br. in the 8186 Matter at 7, 9, ECF No. 8). Neither case supports United's position. In Elite Orthopedic, Magistrate Judge Hammer initially denied the plaintiff's motion for remand because it was unclear whether the plaintiff had received assignments of benefits from the relevant patients

---

[5] United's arguments on this point go to the merits of Plaintiff's existing claims, (i.e, because Plaintiff has not pled facts sufficient to support viable claims for relief, Plaintiff has not established that United owed Plaintiff any legal duties independent of ERISA), rather than their nature, (i.e., whether the claims are dependent on an ERISA plan or require interpretation of such a plan), and are thus inapplicable to the limited issue before the Court. (Def. Br. in the 7619 Matter at 12-16, ECF No. 6; Def. Br. in the 8186 Matter at 9-10, ECF No. 8). The Court cannot evaluate the legal sufficiency of Plaintiff's claims until it is satisfied that the United States District Court may properly exercise subject matter jurisdiction over them.

and thus had standing to pursue claims under ERISA. (See generally ECF No. 12 in Civil Action No. 14-6932). His Honor ordered limited discovery on that issue. (Id.). Plaintiff never renewed its remand motion after taking that discovery. When Judge Salas ultimately ruled on the defendants' motion for summary judgment, and found that ERISA preempted the plaintiff's state law claims, Her Honor did so based, in part, on the undisputed fact that the patient at issue had assigned her right to payment of benefits over to the plaintiff. (Aug. 29, 2017 Opinion at 2, ECF No. 33 in Civil Action No. 14-6932). Perhaps even more importantly, in opposing the motion for summary judgment, the plaintiff did not challenge the defendants' preemption argument, and instead focused entirely on whether the defendants' decision was arbitrary and capricious (i.e., the standard applicable on a claim to recover plan benefits under ERISA). (See generally Pl. Opp., ECF No. 29 in Civil Action No. 14-6932). Therefore, as the plaintiff had conceded ERISA preemption, Judge Salas never had occasion to conduct Pascack's two-pronged complete preemption analysis with regard to the plaintiff's state law claims. (Aug. 29, 2017 Opinion at 6-7, ECF No. 33 in Civil Action No. 14-6932). Judge Salas's preemption decision in Elite Orthopedic simply reflects the non-controversial point that state law claims seeking recovery of ERISA-plan benefits are preempted. By invoking that decision here, United seeks to skip over the critical step, required under Pascack, of determining whether Plaintiff's claims actually seek benefits from, or require interpretation of, an ERISA plan. In Active Foot & Ankle, as in Elite Orthopedic, Judge Hammer denied the plaintiff's motion for remand so as to permit the parties to engage in standing-related discovery on whether the plaintiff had received assignments of benefits from its patients. (April 2, 2015 Order, ECF No. 12 in Civil Action No. 14-6770). The plaintiff never renewed its remand application, and the case settled before the District Court resolved the ERISA preemption issue. (See generally Docket for Civil Action No. 14-6770). In short, when

placed in the proper procedural and factual context, neither Elite Orthopedic nor Active Foot & Ankle supports United's preemption arguments in these cases.

United may ultimately be correct in asserting that, because of Plaintiff's efforts to plead around ERISA, Plaintiff's contract/quasi-contract claims contain so little factual content that they are facially invalid. That determination, however, must be left to a court with subject matter jurisdiction over these cases. In both matters, Plaintiff has painted itself into a small legal corner, ostensibly to avoid federal jurisdiction, claiming that its entitlement to payment is based solely on an independent contract/quasi-contract that it entered into with United during the course of specific pre-authorization calls. In other words, Plaintiff suggests that, during those calls, United volunteered to undertake entirely new contractual obligations (i.e., direct liability to Plaintiff for the reasonable, customary and usual value of services that Plaintiff would provide to third parties), independent of any duties that United might otherwise owe to plan participants or beneficiaries under their respective ERISA plans. While that claim may seem dubious based on Plaintiff's limited factual allegations, it is not subject to complete preemption under relevant Third Circuit precedent, and is not, therefore, sufficient to support removal to the United States District Court. If, as United seems to suggest, Plaintiff and its counsel are misrepresenting the nature of the parties' interactions (e.g., by filing factually sparse pleadings and intentionally leaving out certain critical facts) to avoid ERISA, and the issue has become so prevalent that it has reached "critical mass", (Def. Nov. 1, 2017 Letter in the 7619 Matter at 2-3, ECF No. 8), United's recourse is to pursue appropriate sanctions in a court of competent jurisdiction

In Thomas R. Peterson MD PC v. Cigna Ins. Co., No. 14-03818 (SRC), 2014 U.S. Dist. LEXIS 113490, at *8 (D.N.J. Aug. 15, 2014), the Hon. Stanley R. Chesler, U.S.D.J. observed: "this is a breach of contract lawsuit for customary medical fees that touches on ERISA only insofar

as pre-approval for the disputed procedure was granted by an entity that administers ERISA health plans." Based solely on the allegations in Plaintiff's Complaints, the same is true here. Moreover, as in Thomas R. Peterson MD PC, though United challenges the merits of Plaintiff's claims, "[w]hether . . . [those] allegations actually yield a viable contract suit is a question for the Superior Court of New Jersey to answer." Id. at *8-9. This Court, therefore, respectfully recommends that the District Court remand these matters to the New Jersey Superior Court.

### III. CONCLUSION

Based upon the foregoing, this Court respectfully recommends that the District Court **GRANT** Plaintiff's motions to remand these matters to the Superior Court of New Jersey, Passaic County vicinage. (ECF No. 5 in the 7619 Matter; ECF No. 4 in the 8186 Matter).

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Esther Salas, U.S.D.J.

11